IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARCELLUS LEVAN HENDERSON,**<br>        **Movant,**<br><br>            v.<br><br>**UNITED STATES OF AMERICA,**<br>        **Respondent.** | **CRIMINAL NO.**<br>**1:03-CR-648-WBH-GGB-1**<br><br><br>**CIVIL ACTION NO.**<br>**1:11-CV-0621-WBH-GGB**<br><br><br>**MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## FINAL REPORT AND RECOMMENDATION

Movant Marcellus Levan Henderson ("Movant") has filed an amended motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 290]. Movant seeks to challenge the constitutionality of his life-plus-10-year sentence which was imposed on September 18, 2006, following a jury verdict of guilty on all counts entered on February 17, 2006. [Doc. 212]. Presently before the Court for consideration are: (1) Movant's amended § 2255 motion to vacate and a motion for relief from final judgment [Docs. 290 and 296]; (2) the United States of America's (hereinafter "Government") response to Movant's amended motion to vacate [Doc. 293] and supplemental brief in response [Doc. 294]; and (3) Movant's reply to the Government's response [Doc. 295].

## I. BACKGROUND

Movant was first indicted in November 2003. [Doc. 1]. On October 5, 2004, a grand jury in this Court issued a superseding indictment, charging Movant with interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count One); bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and (e) (Count Two); and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three). A bank employee was shot and killed during the robbery charged in the indictment. In April 2005, the Government gave verbal notice that it would not seek the death penalty against Movant and his co-defendant. [Doc. 114]. The cases were severed, and Movant's jury trial was conducted on February 13-17, 2006. [Docs. 166-174]. The jury found Movant guilty of all three counts. [Doc. 175]. On September 18, 2006, the Court sentenced Movant to life plus ten years' imprisonment. [Doc. 212].

Movant filed a notice of appeal. [Doc. 215]. Movant's appointed counsel on appeal moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967).[1] On May 14, 2008, the United States Court of Appeals for the Eleventh Circuit

---

[1] "The so-called '*Anders* brief' serves the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." *Penson v. Ohio*, 488 U.S. 75, 81-82 (1988).

AO 72A
(Rev.8/82)

granted counsel's motion to withdraw and affirmed Movant's convictions and sentences, finding that its independent review of the record revealed no arguable issues of merit. [Doc. 266].

On June 15, 2009, Movant filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. [Doc. 267]. Movant attached a fifteen-page brief in support of his motion, arguing that the Court lacked jurisdiction over his criminal case because of defects in the passage of the statute that was codified at 18 U.S.C. § 3231. [*Id.*]. On August 10, 2009, almost two months after Movant filed his motion, the Court entered an Order denying Movant's § 2255 motion, finding that Movant had not raised a viable claim for relief from his convictions and sentences. [Doc. 268].

On September 10, 2009, Movant, through retained counsel, filed a notice of appeal. [Doc. 272]. Movant filed an amended notice of appeal a week later. [Doc. 277]. On March 5, 2010, the Eleventh Circuit dismissed Movant's appeal for want of prosecution. [Doc. 284].

On November 24, 2010, Movant, through counsel, filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). [Doc. 286]. In his motion, Movant argued that, after he filed his § 2255 motion, he hired a lawyer to file an amended motion. According to Movant, the Court denied the § 2255 motion before the

3

lawyer had an opportunity to file anything, and, thus, he was prohibited from obtaining any review of his convictions and sentences. The Court denied Movant's Rule 60(b) motion, but permitted Movant to file a proposed amended § 2255 motion. [Doc. 287]. On February 28, 2011, Movant filed an amended § 2255 motion to vacate, raising claims of ineffective assistance of appellate counsel. [Doc. 288]. Specifically, Movant contends that his appellate counsel was ineffective when he filed an *Anders* brief and failed to (1) challenge the denial of the motion for judgment of acquittal even though there was insufficient evidence linking Movant to the guns used in the robbery; and (2) argue that the jury instructions were deficient because they omitted the essential *mens rea* element for a 924(c) violation. [Doc. 290]. The Government filed a response [Doc. 293], arguing that the amended motion is successive and must be dismissed because Movant has failed to obtain appellate court authorization to bring his claims in a second § 2255 motion.

## III. DISCUSSION

### A. Movant's Amended § 2255 Motion is Successive.

In June of 2009, Movant filed a § 2255 motion, and it was denied on the merits by the Court on August 10, 2009. [Docs. 267, 268]. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, to file a second or successive

4

§ 2255 motion, a movant must first receive an order from the U.S. Court of Appeals authorizing the district court to consider it. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216.

Because Movant has already pursued a § 2255 motion in connection with his sentence, he must seek authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion in this Court. *See Gilbert v. United States*, 640 F.3d 1293, 1307-08 1323 (11th Cir. 2011) (en banc) (holding movant could not obtain relief through a § 2255 motion because he had unsuccessfully filed one earlier and § 2255(h) barred him from filing another); *see also Murphy v. United States*, No. 10-15284, 2011 WL 3630138 (11th Cir. Aug. 19, 2011) (holding district court did not err by dismissing movant's motion to reopen and amend his previously denied § 2255 motion that had been dismissed on the merits, where movant had not obtained authorization to file a second or successive § 2255 motion). Thus, I find that his amended motion should be denied as successive.

B. Movant Does Not Qualify to Seek Rule 60(b) Relief.

Movant, through counsel, has also re-filed a Motion for Relief from Final Judgment under Federal Rule of Civil Procedure Rule 60(b). [Doc. 296]. In his motion,

5

Movant argues that he is entitled to relief because the integrity of the proceedings on his § 2255 motion was compromised and resulted in the denial of the motion, which prohibited Movant from challenging his convictions and sentence. Movant contends that the denial of his § 2255 motion foreclosed the opportunity for his post-conviction counsel to file an amended § 2255 motion to vacate and prove to the Court that he received ineffective assistance of appellate counsel. [Doc. 296 at 11].

> Rule 60(b) reads this way:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"While Rule 60(b) permits a party to seek relief from a judgment on certain limited grounds, it cannot be used by habeas petitioners to raise new claims for habeas relief: this use would circumvent the AEDPA requirement that a petitioner obtain the approval of the appropriate court of appeals before filing a second or successive habeas

6

petition." *Franqui v. Florida*, 638 F.3d 1368, 1371 (11th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005));[2] *see also* 28 U.S.C. § 2244(b)(3)(A). If the federal judgment that is the subject of the Rule 60(b) motion substantively addresses the federal grounds that were presented, "then treating a later motion as properly filed under 60(b) might create an inconsistency with AEDPA." *Id.* However, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60(b) motion as a successive § 2255 motion. *Gonzalez*, 545 U.S. 523-33.

Although Movant's motion does not itself raise new claims for relief, it seeks permission to do so in further proceedings. According to the Eleventh Circuit, "even though such a motion may not directly assert errors in Movant's underlying conviction, it still must be treated as a second or successive habeas petition." *Franqui*, 638 F.3d at 1371-72. *See also Gonzalez*, 545 U.S. at 533.

Movant characterizes his attack as targeting the failure of his newly retained counsel to file an amended § 2255 motion before the Court ruled on his *pro se* motion.

---

[2] Although the Supreme Court in *Gonzalez* expressly noted that it was limiting its consideration to § 2254 cases, *id.* at 529 n. 3, the Eleventh Circuit recently held that "the standard announced in *Gonzalez* applies to federal prisoner cases as well." *Gilbert*, 640 F.3d at 1323.

7

However, Movant's objective remains an additional opportunity to challenge his convictions and sentences by raising claims of ineffective assistance of appellate counsel to be considered on the merits. "Where the federal habeas court has already denied the habeas petition on the merits, 'an attack based on . . . habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.'" *Franqui,* 638 F.3d at 1372 (quoting *Gonzalez*, 545 U.S. at 532).

Movant cites two cases, *Harris v. United States*, 367 F.3d 74 (2d Cir. 2004) and *Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003), in support of his argument that his situation represents extraordinary circumstances justifying relief. In *Harris*, the Second Circuit held that "a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." *Harris*, 367 F.3d at 81. The court in *Harris* found that the petitioner did not show that his habeas proceeding was undermined by an extraordinary circumstance based on his counsel's ineffectiveness, because counsel's deficiency could not be deemed "abandonment." *Id.* In Movant's case, he does not allege that his counsel "abandoned" him or that he was deprived of any opportunity to be heard at all. He contends that counsel did not act quickly enough in

8

reviewing the record in his case and filing an amended § 2255 motion.  Thus, *Harris* provides little support for Movant's argument.

Movant's reliance on *Baldayaque* also does not support his argument because, in that case, the Second Circuit found that an attorney's conduct could be considered an "extraordinary circumstance" where counsel acted deliberately in failing to file a habeas petition on the petitioner's behalf, thereby depriving the petitioner of an opportunity to be heard.  *Baldayaque*, 338 F.3d at 152.  Movant's case is distinguishable because there appears to be no deliberate conduct on the part of his counsel, and Movant had an opportunity to be heard when his *pro se* motion was considered on the merits by the Court.

Movant has pointed out no defect in the integrity of the proceedings on his first § 2255 motion that would render his Rule 60(b) motion permissible.  Movant presented a claim to the Court in his § 2255 motion, and the Court denied the claim on the merits.  The AEDPA bars him from raising additional claims without first obtaining approval from the Eleventh Circuit.  Thus, I recommend that Movant's Rule 60(b) motion be dismissed for lack of subject matter jurisdiction.

9

## IV. CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant's amended § 2255 motion is successive and his Rule 60(b) motion is impermissible. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## V. CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant Marcellus Levan Henderson's amended motion to vacate sentence and motion for relief from final judgment [Docs. 290 and 296] be **DENIED.**

AO 72A
(Rev.8/82)

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 26th day of October, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)